GEORGE SMITH, EXC'R OF
JOHN HOYE
vs.
NELSON BAKER.
AND
CHARLES OLIVER
vs.
THOMAS PERRY.

LAND OFFICE, 19TH OF MARCH, 1851.

[PRACTICE IN THE LAND OFFICE.]

As a general rule, no patent will issue for any land for which a patent has been previously granted so long as such patent remains in force, and exceptions to this rule should be admitted with much caution.

Escheat land must be taken up by a warrant of escheat, and if under such a warrant it is included as vacancy the title does not pass to the patentee but remains in the state.

Where a party takes up escheatable lands as vacancy, and obtains a patent therefor, the title does not pass, and such lands are liable to be granted under an escheat warrant, notwithstanding the pre-existing patent.

[Certificates upon certain escheat warrants were caveated in these cases upon the ground that certain lots included in them had previously been granted to the caveators, and which they had taken up as vacancy. These *caveats* were resisted upon the ground that the title to such lots never passed to the caveators by their patents, but still remained in the state, and were, therefore, liable to be taken up by the caveatees under their escheat warrants. Upon this question, the Chancellor delivered the following opinion :

THE CHANCELLOR :

It is unquestionably a general and well established rule of the land office, that no patent shall be issued for any land for which a patent had been previously granted, so long as such patent remains in force ; and it is equally undeniable that exceptions to this general rule should be admitted with much caution. But notwithstanding this is the acknowledged principle, I feel constrained, in deference to the decision of the Court of Appeals in the case of *Lee* vs. *Hoye*, 1 *Gill*, 188, to consider these cases either as exceptions to the rule, or as not

embraced within it, and consequently not subject to its operation.

In that case it was decided that land which had been granted by the state could not be taken up and included in a patent as vacancy ; that if it had become escheatable, it must be taken up by a warrant of escheat, and if under such a warrant it was included as vacancy, the title did not pass to the patentee, but remained in the state.   Such being the case, it follows that the lots included in the grants to the caveators, which lots had been previously granted, and which, it is supposed, had become escheat, but which, nevertheless, they took up as vacancy, were improperly included, and the title did not pass.   It remained in the state, and liable to be granted under an escheat warrant, the pre-existing patent to the contrary notwithstanding.   It is no answer to say, that in these cases the state received as much or more for composition, treating the land as vacant, as if two-thirds of the value had been paid, as is required when land liable to escheat is taken up ; because if such an inquiry must be instituted, and the legality of the proceedings in each case is made to depend upon the value of the land, the distinction between escheat and other warrants would be broken up, and the question would always turn upon the amount paid the state. The principle is understood to be this, that the state having once granted the land, will not grant it a second time, unless the title has reverted to her by escheat.   It can, under such circumstances, no longer be regarded as vacant in the sense in which that term is understood in the land office.

The argument of the counsel for the caveators, that as they hold grants issued to them by the state, it is, so far as they are concerned, of no importance by what title the state held, cannot avail them.   It rests upon the idea that these grants passed to them the title of the grantor, however that title may have been acquired, whether by the failure of the heirs of the former owner, or because the property never had been granted, and was consequently vacant.   The fallacy of the argument is in supposing the title did pass, when, according to the judgment of the Court of Appeals, in *Lee* vs. *Hoye*, it did not pass, but

remained in the state, subject to be disposed of in the mode in which lands liable to escheat may be disposed of according to the law and rules of the land office.

Submitting, therefore, to the judgment of the Court of Appeals, as all inferior tribunals are bound to do, I consider it my duty to overrule these *caveats*. It is, thereupon, adjudged and ordered that the *caveats* in these cases be, and the same are hereby dismissed, but that each party pay his own costs.

JNO. M. BREWER, for the Caveators.
THOS. PERRY, for the Caveatees.